UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ECOLAB USA INC., <br><br> Plaintiff, <br><br> v. <br><br> ZAPPBUG INC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> JURY DEMAND |

Plaintiff Ecolab USA Inc. ("Ecolab") brings this Complaint against Defendant ZappBug Inc. ("ZappBug"), and states and alleges as follows:

**NATURE OF THE ACTION**

1. Ecolab is the global leader in water, hygiene, and infection prevention products and services. Around the world, businesses in a variety of industries choose Ecolab products and services to keep their environment clean and safe, operate efficiently, and achieve sustainability goals.

2. Among other solutions, Ecolab has developed substantial intellectual property rights in systems and methods that use heat to eliminate pests, such as bed bugs. Ecolab owns the rights, title, and interest in several patents pertaining to methods and systems for eliminating bed bugs using heat.

3. Upon information and belief, ZappBug sells portable heat treatment chambers designed to kill bed bugs and other pests. ZappBug has been on notice that it infringes Ecolab's patents since at least August of 2020, yet has continued to sell products that directly infringe Ecolab's patents and has induced and contributed to its customers' infringement of the same. ZappBug's infringement is willful, egregious, typifies behavior beyond normal patent infringement, and harms Ecolab.

## PARTIES

4. Ecolab is incorporated in the state of Delaware and has a principal place of business at 1 Ecolab Place, Saint Paul, Minnesota 55201. Ecolab is the owner of U.S. Patent Nos. 9,226,489; 10,070,639; 11,737,445; and 12,063,921, hereinafter the "Asserted Patents."

5. Upon information and belief, ZappBug is incorporated in Washington and has a principal place of business at 1700 Westlake Avenue North, Suite 200, Seattle, Washington 98109.

6. ZappBug is in the business of offering pest control products in Washington, including through the sales of products through the website https://zappbug.com.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281-85.

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Ecolab and ZappBug are citizens of different States and the amount in controversy exceeds $75,000. This Court has personal jurisdiction over ZappBug at least because ZappBug has an established principal place of business in the Western District of Washington.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because ZappBug is a resident of this District, has committed acts of infringement in this District, and has a

regular and established place of business in this District.

**FACTUAL BACKGROUND**

10. Over the years, Ecolab has invested significant time and effort in developing products and methods that use heat to eliminate pests such as bed bugs. These efforts resulted in, *inter alia*, several patents covering systems and methods for killing pests using heat.

11. Ecolab is the assignee and owns all right, title, and interest in United States Patent No. 9,226,489 (the '489 Patent), entitled "Heat System for Killing Pests," which issued on January 5, 2016, and is attached hereto as Exhibit 1. The claims of the '489 Patent are valid and enforceable.

12. Ecolab is the assignee and owns all right, title, and interest in United States Patent No. 10,070,639 (the '639 Patent), entitled "Heat System for Killing Pests," which issued on September 11, 2018, and is attached hereto as Exhibit 2. The claims of the '639 Patent are valid and enforceable.

13. Ecolab is the assignee and owns all right, title, and interest in United States Patent No. 11,737,445 (the '445 Patent), entitled "Heat System for Killing Pests," which issued on August 29, 2023, and is attached hereto as Exhibit 3. The claims of the '445 Patent are valid and enforceable.

14. Ecolab is the assignee and owns all right, title, and interest in United States Patent No. 12,063,921 (the '921 Patent), entitled "Heat System for Killing Pests," which issued on August 20, 2024, and is attached hereto as Exhibit 4. The claims of the '921 Patent are valid and enforceable.

15. ZappBug sells various heat-treating products designed to eliminate bed bugs, including the ZappBug Room.

16. According to ZappBug's website, https://zappbug.com/products/zappbug-room, the ZappBug Room is a "portable bed bug heating system" that is large enough to heat and eradicate bed bugs in furniture and appliances, among other items that may be infested with bed bugs. The ZappBug Room uses thermal heat technology to kill bed bugs and other pests. ZappBug touts the ZappBug Room as a "commercial-level solution" to bed bugs "in a portable package for a fraction

1  of the price." The ZappBug Room is pictured below.



13  17. The making, use, sale, offer for sale, and importation of the ZappBug Room infringes the Asserted Patents under 35 U.S.C. § 271.

15  18. ZappBug directly infringes certain claims of the Asserted Patents and is liable for indirect infringement of certain claims of the Asserted Patents based on the direct infringement of its customers.

18  19. Ecolab first notified ZappBug that the ZappBug Room, and use of the ZappBug Room, infringed Ecolab's patents by letter sent on or around August 3, 2020. A true and correct copy of that letter is attached hereto as Exhibit 5.

21  20. Despite receipt of this notice, ZappBug continued to make, use, sell, and offer for sale the ZappBug Room.

23  21. Additional letters providing actual notice of infringement based on the ZappBug Room were sent from Ecolab to ZappBug. True and correct copies of these letters are attached hereto as Exhibits 6-9.

COMPLAINT - 4

22. ZappBug continues to make, use, sell, and offer for sale the ZappBug Room.

23. ZappBug's infringement of the Asserted Patents was and is knowing and intentional. ZappBug's infringement is and has been willful, and ZappBug's misconduct is egregious and typifies behavior beyond typical patent infringement.

24. By reason of ZappBug's willful infringement and egregious misconduct, Ecolab is entitled to recover actual damages, treble damages, attorneys' fees, and costs of this litigation pursuant to 35 U.S.C. §§ 284 and 285.

25. Ecolab has been damaged by ZappBug's infringement of the Asserted Patents, in an amount to be proven at trial, and will continue to be damaged unless ZappBug is enjoined from infringing the Asserted Patents. Unless these acts of ZappBug are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Ecolab for which there is no adequate remedy at law. Ecolab is therefore entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## COUNT I: INFRINGEMENT OF THE '489 PATENT

26. Ecolab restates the allegations set forth in the above paragraphs and incorporates them herein by reference.

27. ZappBug has indirectly infringed and continues to indirectly infringe one or more claims of the '489 Patent, including but not limited to claim 42.

28. By selling the ZappBug Room, ZappBug has induced its customers to directly infringe the '489 Patent. Customers' use of the ZappBug Room directly infringes the '489 Patent literally and/or under the doctrine of equivalents because they perform each step of the patented methods, including but not limited to all steps of the patented method of claim 42. ZappBug knew and knows that use of the ZappBug Room infringes the '489 Patent and ZappBug acted with the specific intent to induce its customers' infringement.

29. ZappBug's conduct constitutes induced infringement under 35 U.S.C. § 271(b).

30. ZappBug is liable for contributory infringement of one or more claims of the '489 Patent. Customers' use of the ZappBug Room directly infringes the '489 Patent literally and/or under the doctrine of equivalents because they perform each step of the patented methods, including but not limited to all steps of the patented method of claim 42. ZappBug had knowledge of this infringement, that its customers could not use the ZappBug Room without infringing the '489 Patent, and that the ZappBug Room has no non-infringing uses.

31. ZappBug's conduct constitutes contributory infringement under 35 U.S.C. § 271(c).

32. Upon information and belief, ZappBug is and has been aware of the '489 Patent, and its indirect infringement of the '489 Patent claims was and is knowing and intentional.

33. ZappBug has had actual knowledge of the '489 Patent since at least as early as August 3, 2020, when Ecolab sent a letter to ZappBug regarding its infringement and included a copy of the '489 Patent. (*See* Exhibit 5.)

34. Ecolab provided a claim chart to ZappBug on August 21, 2020, that illustrated how use of the ZappBug Room infringed certain claims of the '489 Patent. (*See* Exhibit 6.)

35. Despite receiving Ecolab's letters on August 3, 2020, and August 21, 2020, and several subsequent communications from Ecolab, ZappBug has continued to sell the ZappBug Room.

36. Ecolab has been damaged by ZappBug's infringement of the '489 Patent in an amount to be proven at trial and will continue to be damaged in the future unless ZappBug is permanently enjoined from infringing the '489 Patent.

37. ZappBug's infringement of the '489 Patent is now and has been willful. ZappBug's conduct is egregious and typifies behavior beyond typical patent infringement.

**COUNT II: INFRINGEMENT OF THE '639 PATENT**

38. Ecolab restates the allegations set forth in the above paragraphs and incorporates them herein by reference.

39. ZappBug has indirectly infringed and continues to indirectly infringe one or more claims of the '639 Patent, including but not limited to claim 13.

40. By selling the ZappBug Room, ZappBug has induced its customers to directly infringe the '639 Patent. Customers' use of the ZappBug Room directly infringes the '639 Patent literally and/or under the doctrine of equivalents because they perform each step of the patented methods, including but not limited to all steps of the patented method of claim 13. ZappBug knew and knows that use of the ZappBug Room infringes the '639 Patent and ZappBug acted with the specific intent to induce its customers' infringement.

41. ZappBug's conduct constitutes induced infringement under 35 U.S.C. § 271(b).

42. ZappBug is liable for contributory infringement of one or more claims of the '639 Patent. Customers' use of the ZappBug Room directly infringes the '639 Patent literally and/or under the doctrine of equivalents because they perform each step of the patented methods, including but not limited to all steps of the patented method of claim 13. ZappBug had knowledge of this infringement, that its customers could not use the ZappBug Room without infringing the '639 Patent, and that the ZappBug Room has no non-infringing uses.

43. ZappBug's conduct constitutes contributory infringement under 35 U.S.C. § 271(c).

44. Upon information and belief, ZappBug is and has been aware of the '639 Patent, and its indirect infringement of the '639 Patent claims was and is knowing and intentional.

45. ZappBug has had actual knowledge of the '639 Patent since at least as early as August 3, 2020, when Ecolab sent a letter to ZappBug regarding its infringement. (*See* Exhibit 5.)

46. Despite receiving Ecolab's letter on August 3, 2020, and several subsequent communications from Ecolab, ZappBug has continued to sell the ZappBug Room.

47. Upon information and belief, ZappBug knew and continues to know that it infringes the '639 Patent.

48. Ecolab has been damaged by ZappBug's infringement of the '639 Patent in an amount to be proven at trial and will continue to be damaged in the future unless ZappBug is permanently enjoined from infringing the '639 Patent.

49. ZappBug's infringement of the '639 Patent is now and has been willful. ZappBug's conduct is egregious and typifies behavior beyond typical patent infringement

## COUNT III: INFRINGEMENT OF THE '445 PATENT

50. Ecolab restates the allegations set forth in the above paragraphs and incorporates them herein by reference.

51. Upon information and belief, ZappBug has made, had made, used, offered for sale, imported, and/or sold, and continues to make, use, offer for sale, import, and/or sell products that infringe one or more claims of the '445 Patent.

52. In so doing, ZappBug has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '445 Patent, including but not limited to claim 1. The ZappBug Room meets every limitation of at least that claim. As such, ZappBug's making, use, sale, offer for sale and/or importation of the ZappBug Room in the United States constitutes infringement under 35 U.S.C. § 271(a).

53. ZappBug has indirectly infringed and continues to indirectly infringe the '445 Patent.

54. By selling the ZappBug Room, ZappBug has induced its customers to directly infringe certain method claims of the '445 Patent literally and/or under the doctrine of equivalents, including but not limited to claim 17. Customers' use of the ZappBug Room directly infringes the '445 Patent. ZappBug knew and knows that use of the ZappBug Room infringes the '445 Patent and ZappBug acted with the specific intent to induce its customers' infringement.

55. ZappBug's conduct constitutes induced infringement under 35 U.S.C. § 271(b).

56. ZappBug is liable for contributory infringement of one or more claims of the '445 Patent, including but not limited to claim 17. Customers' use of the ZappBug Room directly infringes the '445 Patent literally and/or under the doctrine of equivalents. ZappBug had knowledge of this infringement, that its customers could not use the ZappBug Room without infringing the '445 Patent, and that the ZappBug Room has no non-infringing uses.

57. ZappBug's conduct constitutes contributory infringement under 35 U.S.C. § 271(c).

58. Upon information and belief, Zappbug is and has been aware of the '445 Patent, and its direct and indirect infringement of the '445 Patent claims was and is knowing and intentional.

59. ZappBug has had actual knowledge of the '445 Patent since as early as January 30, 2024, when Ecolab sent a letter to ZappBug regarding its infringement and included a claim chart illustrating how the ZappBug Room infringes the '445 Patent. (*See* Exhibit 7.)

60. On March 7, 2024, Ecolab sent a letter to ZappBug that further explained how the ZappBug Room satisfied the limitations of the '445 Patent. (*See* Exhibit 8.)

61. On or around September 25, 2024, Ecolab obtained a sample of the ZappBug Room and confirmed that the ZappBug Room infringes at least the independent claims of the '445 Patent. Ecolab informed ZappBug of its findings and explained how the ZappBug Room infringes the '445 Patent. (*See* Exhibit 9.)

62. Ecolab has been damaged by ZappBug's infringement of the '445 Patent in an amount to be proven at trial and will continue to be damaged in the future unless ZappBug is permanently enjoined from infringing the '445 Patent.

63. ZappBug's infringement of the '445 Patent is now and has been willful. ZappBug's conduct is egregious and typifies behavior beyond typical patent infringement.

### COUNT IV: INFRINGEMENT OF THE '921 PATENT

64. Ecolab restates the allegations set forth in the above paragraphs and incorporates them herein by reference.

65. Upon information and belief, ZappBug has made, had made, used, offered for sale, imported, and/or sold, and continues to make, use, offer for sale, import, and/or sell products that infringe one or more claims of the '921 Patent.

66. In so doing, ZappBug has directly infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '921 Patent, including but not limited to claim 1. The ZappBug Room meets every limitation of at least that claim. As such, ZappBug's making, use, sale, offer for sale and/or importation of the ZappBug Room in the United States constitutes infringement under 35 U.S.C. § 271(a).

67. ZappBug has indirectly infringed and continues to indirectly infringe the '921 Patent.

68. By selling the ZappBug Room, ZappBug has induced its customers to directly infringe certain method claims of the '921 Patent, including but not limited to claim 18. Customers' use of the ZappBug Room directly infringes the '921 Patent literally and/or under the doctrine of equivalents. ZappBug knew and knows that use of the ZappBug Room infringes the '921 Patent and ZappBug acted with the specific intent to induce its customers' infringement.

69. ZappBug's conduct constitutes induced infringement under 35 U.S.C. § 271(b).

70. ZappBug is liable for contributory infringement of one or more claims of the '921 Patent, including but not limited to claim 18. Customers' use of the ZappBug Room directly infringes the '921 Patent literally and/or under the doctrine of equivalents. ZappBug had knowledge of this infringement, that its customers could not use the ZappBug Room without infringing the '921 Patent, and that the ZappBug Room has no non-infringing uses.

71. ZappBug's conduct constitutes contributory infringement under 35 U.S.C. § 271(c).

72. Upon information and belief, Zappbug is and has been aware of the '921 Patent, and its direct and indirect infringement of the '921 Patent claims was and is knowing and intentional.

73. ZappBug has had actual knowledge of the '921 Patent since as early as September 25, 2024, when Ecolab assessed a sample of the ZappBug Room and sent a letter to ZappBug

regarding its infringement, which included a claim chart illustrating how the ZappBug Room infringes the '921 Patent. (*See* Exhibit 9.)

74. Ecolab has been damaged by ZappBug's infringement of the '921 Patent in an amount to be proven at trial and will continue to be damaged in the future unless ZappBug is permanently enjoined from infringing the '921 Patent.

75. ZappBug's infringement of the '921 Patent is now and has been willful. ZappBug's conduct is egregious and typifies behavior beyond typical patent infringement.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Ecolab prays for judgment that:

1. United States Patent Nos. 9,226,489; 10,070,639; 11,737,445; and 12,063,921 are valid and enforceable, and have been infringed by ZappBug;

2. ZappBug and its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, be enjoined from further infringing United States Patent Nos. 9,226,489; 10,070,639; 11,737,445; and 12,063,921;

3. An accounting be had for the damages arising out of ZappBug's infringement of United States Patent Nos. 9,226,489; 10,070,639; 11,737,445; and 12,063,921, including treble damages for willful infringement as provided by 35 U.S.C. §§ 284 and 285, with interest;

4. ZappBug is liable to Ecolab for an award of actual damages including lost profits, in an amount to be determined at trial, but no less than a reasonable royalty;

5. ZappBug and its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, be enjoined from the continued making, use, importation, offer for sale, or sale of the ZappBug Room (and colorable imitations of the same) and any other products that infringe United States Patent Nos. 9,226,489; 10,070,639; 11,737,445; and 12,063,921;

6. That the case be declared exceptional under 35 U.S.C. § 285 and that Ecolab be awarded its attorneys' fees, costs, and expenses in this action;

7. Ecolab be awarded such other and further relief as this Court may deem necessary and proper.

**DEMAND FOR JURY TRIAL**

Ecolab hereby demands a trial by jury on all issues so triable.

SUBMITTED this 21st day of February, 2025.

STOEL RIVES LLP

*/s Vanessa Soriano Power*
Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com
600 University Street, Ste. 3600
Seattle, WA 98101
Tel:   (206) 386-7553

MERCHANT & GOULD P.C.

Rachel Scobie (*to be admitted pro hac vice*)
rscobie@merchantgould.com
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402-4247
Tel:   (612) 336-4677

*Attorneys for Plaintiff*